[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a Motion to Dismiss dated June 22, 2001. In requesting the court to dismiss the instant action, he states the following reasons:
1. There is no personal jurisdiction over nonresident officers of a corporation where their contact with the state was only in their capacity as a corporate officer; CT Page 9946
2. Section 52-59b Conn. Gen. Stat. does not authorize the assertion of jurisdiction over the defendant Paul N. Minichiello, Sr.;
3. That the plaintiff served upon the defendant, Paul N. Minichiello, Sr. a Writ, Summons and Complaint which contained the wrong return date, wrong defendant and which was never returned to Court and furthermore that the defendant, Paul N. Minichiello, Sr. never received the Writ, Summons and Complaint that was made returnable to this Court on February 20, 2001, while in violation of § 52-59b of the Conn. Gen. Stat.;
4. Furthermore, pursuant to § 52-59b of the Conn. Gen. Stat., the Plaintiff has failed to file a Return indicating that any of the Certified Mailings sent to the defendant were received by the defendant, Paul N. Minichiello, Sr.; and
5. Even if the statutory requirements of § 52-59b Conn. Gen. Stat, are met, the exercise of jurisdiction over Paul N. Minichiello, Sr. would violate the constitutional principles of due process.
A hearing was held on July 16, 2001 on the defendant's Motion to Dismiss. The main thrust of defendant's argument was that service was not made pursuant to Conn. Gen. Stat. § 52-59b.
The defendant, Paul N. Minichiello, Sr., testified in accordance with his affidavit dated June 20, 2001. The Court also reviewed the affidavit of State Marshal Richard A. Orr, dated July 13, 2001. The Court noted paragraphs 6 and 7 of the affidavit, which states as follows:
 Paragraph 6 The mailing to 30 Toppans Lane, Newburyport, MA was returned unclaimed.
 Paragraph 7 The mailings to 12 Mountain Laurel Drive, Unit 102, Nashua, N.H. and 15 Bond Street, Boston, MA were returned as unknown at these addresses.
The Court felt that it was significant that the mailing referenced in paragraph 6, which is where the defendant lives, was returned unclaimed, whereas the mailings referenced in paragraph 7 were returned as unknown at this address.
The Court did not accept the defendant's position that he was unaware of the second certified mailing and found that service was effectuated pursuant to § 52-59b.
In furtherance of its holding, the Court references the cases of MunizCT Page 9947v. Weatherstone Corporation, Litchfield Superior Court, docket no. 65789 (October 14, 1994, Pickett, J.) and Prudential Home Mortgage Co. v.Gaynor, Litchfield Superior Court, docket no. 60886 (November 17, 1995,Pickett, J.).
In Muniz, supra, one defendant was served in accordance with § 52-59. The sheriff in said case stated on his return that a true and attested copy of the writ, summons and complaint was left with the Secretary of State of the State of Connecticut and sent by certified mail to the out of state defendant. The court in Muniz found that the return showed it was sent by certified mail and that was in accordance with § 52-59, accordingly, the Motion to Dismiss was denied.
In the Prudential case, service of process was made on an out of state defendant via certified mail return receipt requested. In a supplemental return, the sheriff indicated that the return mailed was returned and marked unclaimed. In denying the Motion to Dismiss, the court held if the copy is mailed to the last known address of the defendant, there is compliance with the statute.
In the instant case, Paul Minichiello in his affidavit of June 20, 2001 acknowledges his present address as 30 Toppans Lane, Newburyport, MA 01950, which is where the return was sent. He also acknowledges that shortly after February 13, 2001 he received by way of certified mail, return receipt requested a writ, summons and complaint naming Paul N. Minichiello, Sr. (this writ, summons and complaint was erroneously directed to Paul N. Minichiello, Jr. and the proper defendant is Paul N. Minichiello, Sr.). Therefore the return was sent to the defendant's proper address.
Accordingly, the Court finds that the plaintiffs have complied with § 52-59b and the Court therefore has jurisdiction.
Further in his Motion to Dismiss, the defendant raises 5 grounds in support of his motion, and in his Brief in Support of Motion to Dismiss dated June 22, 2001, the defendant has briefed grounds other than § 52-59, namely jurisdiction based on role as corporate officer and jurisdiction based on § 52-59b(a). The defendant has not sustained his burden of proof as to said issues. The reality is that the defendant was president of Energy Distributor, Inc., a Connecticut corporation with a principal place of business in Danbury, Connecticut. Defendant individually signed as indemnity on a surety bond between Aetna and Energy Distributor.
Lastly the defendant asserts that jurisdiction over him in Connecticut, would violate Due Process. The defendant has not sustained CT Page 9948 his burden of proof on this issue.
The defendant owned and operated a business in Connecticut, he was issued bonds in Connecticut and he signed, individually as indemnity for said bonds.
Also in an affidavit from Donna Minichiello, dated January 5, 2000, it is indicated by Donna Minichiello, the former wife of Paul Minichiello, that Paul Minichiello resided in Connecticut from 1973 to 1996.
Based on all the circumstances the defendant has had sufficient contacts with the State of Connecticut to allow jurisdiction.
For the foregoing reasons, the Motion to Dismiss is denied.
Stengel, J.